[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION TO VACATE ABRITRATION AWARD DATED JANUARY 27, 1992
Royal Indemnity Company ("Royal") brings this Application to CT Page 2195 Vacate Arbitration Award after the majority of a three member arbitration panel timely filed a written Arbitrators' Finding and Award dated January 14, 1992. Two members of the panel, Joseph F. Trotta and Joseph Mulshire, awarded $140,000 to Diane Mazzaferro under her policy of insurance with uninsured motorist coverage issued by Royal. The parties agree that the dissenting member of the panel, James K. Robertson, Jr., did not timely file his written opinion. The sole issue presented is should the award be vacated because of the late filing of the dissenting opinion. — We think not.
The parties agree that section 52-416 of our statutes mandates in this case that the award be rendered within thirty days. Such an award only need contain the arbitrators' decision, Stratford v. Local 134, IFPTE, 201 Conn. 577, 583 (1986) (citation omitted), and the actual memorandum of the arbitrator is irrelevant, Board of Education v. AFSCME, 195 Conn. 266, 271 (1985) (citation omitted). Finally 52-416(b) provides that an award is sufficient if it is in writing and signed by a majority of the panel members. Here, a majority of the arbitrators submitted in a timely manner a signed award. Although the dissenting panel member's opinion was not timely filed, we do not think that renders the award legally infirm. To permit a dissenting member of an arbitration panel the legal ability to preclude an award by a late filing, as Royal seeks here, would be contrary to our statutory scheme, particularly as set forth in section 52-416.
The application to vacate is denied.
So ordered.
WILLIAM PATRICK MURRAY A JUDGE OF THE SUPERIOR COURT